UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  5:25-cv-02985-MCS-SK | Date: December 31, 2025 |
| Title  Victoria Sorocean v. Pamela Bondi, et al. | |

Present: The Honorable: Steve Kim, United States Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None present | None present |

**Proceedings:** (IN CHAMBERS) ORDER TO SHOW CAUSE

Petitioner is a native and citizen of Moldova who entered the United States in April 2017 on a nonimmigrant visa authorizing her to remain for six months. (ECF 1-1 at 5; ECF 9 at 3–4). She later filed an application for asylum, which remains pending before the Board of Immigration Appeals (BIA). (ECF 1-1 at 5–8). While that application was pending, Immigration and Customs Enforcement (ICE) arrested petitioner in January 2020. (ECF 1-1 at 5). She was subsequently released from custody pursuant to an order of release on recognizance (OREC), which required her to report to scheduled check-ins with the Department of Homeland Security (DHS). (ECF 9 at 4; ECF 9-1 at 36–37). But nearly five years later, on November 4, 2025, ICE rearrested and detained petitioner not only with no notice but also without affording her a bond hearing. (ECF 1-1 at 7).

Alleging that her rearrest and mandatory detention with no bond hearing are unlawful, petitioner seeks federal habeas relief under 28 U.S.C. § 2241. (ECF 1). In their answer to the petition, which the court ordered expedited, respondents acknowledge that an overwhelming majority of courts within this district reject respondents' view that noncitizens in petitioner's position are subject to mandatory detention without the possibility of bond. (ECF 9 at 2–3, 8–10). *See, e.g.*, *Bautista v. Santacruz*, 2025 WL 3289861 (C.D. Cal. Nov. 20, 2025); *Helal v. Janecka*, 2025 WL 3190132 (C.D. Cal. Oct. 24, 2025); *Mosqueda v. Noem*, 2025 WL 2591530 (C.D. Cal. Sept. 8, 2025). Under that view, respondents do not deny that similarly situated petitioners housed at Adelanto Detention Facility in this district have been ordered to receive—and been promptly given—a bond hearing notwithstanding respondents' contrary legal positions about the scope or interpretation of applicable statutes or regulations under the Immigration and Nationality Act (INA).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No.   5:25-cv-02985-MCS-SK                                    Date: December 31, 2025
Title           Victoria Sorocean v. Pamela Bondi, et al.

For her part, petitioner filed a reply on December 24, 2025, reiterating arguments consistent with the prevailing view now expressed by so many courts in this district. (ECF 11). The court finds those persuasive enough (if nothing else for the sake of treating like cases alike) and would follow them absent new convincing reasons not already raised and considered in those orders. Respondents, however, raise no such new countervailing arguments here, but rather offer their same standing arguments for the sake of preserving them.

Respondents are therefore ORDERED TO SHOW CAUSE in writing by no later than **4:00 PM PT on January 5, 2026**, why the § 2241 petition should not be granted to the extent it seeks an immediate individualized bond hearing for petitioner under the reasoning of the decisions in this district ordering such relief on an expedited basis. Respondents may discharge this order by or before the show-cause deadline with written verification that petitioner has received (or is scheduled to receive on a date certain) a post-arrest/post-detention bond hearing consistent with those given to similarly situated noncitizens under orders from this district. Meanwhile, respondents are ordered not to transfer petitioner out of this district while this case remains active.[1]

If petitioner is released on bond (or scheduled to receive a bond hearing on a date certain), petitioner's counsel shall so confirm in writing and file a notice of voluntary dismissal *without prejudice* under Rule 41(a)(1) if petitioner's release on bond (or scheduled bond hearing) moots this habeas action. If this action is not voluntarily dismissed before then, respondents must file by no later than **January 12, 2026** either (1) a supplemental answer addressing petitioner's reply, or (2) a stipulation and consent judgment (consistent with others entered in this district) enjoining petitioner's rearrest or detention without pre-deprivation notice and hearing. Such consent judgment, however, may preserve any of respondents' arguments concerning the disputed applicability, interpretation, or scope of any INA statutes or regulations at issue.

The clerk of court is instructed to docket and email this order to all counsel of record forthwith.

---

[1] Respondents maintain that petitioner currently remains detained at Adelanto Detention Facility. (ECF 9 at 2). Petitioner's counsel has suggested, though, that he has lost contact with petitioner who may have been transferred to a detention facility located within the Eastern District of California. (ECF 11-1 at 5). If petitioner is no longer located within this district, respondents must also show cause why petitioner was transferred without court order and explain how petitioner will not be prejudiced by the unauthorized transfer. Alternatively, the parties can stipulate to the immediate transfer of this action to the Eastern District of California by lodging a proposed order to that effect if doing so will facilitate compliance with this order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    5:25-cv-02985-MCS-SK                                      Date: December 31, 2025
Title       Victoria Sorocean v. Pamela Bondi, et al.

IT IS SO ORDERED.